**LAURA H. WHITE**
*Admitted to the Practice of Law in Maine and Massachusetts*
lwhite@whiteandquinlan.com

**DANIELLE M. QUINLAN**
*Admitted to the Practice of Law in Maine*
dquinlan@whiteandquinlan.com



**WHITE + QUINLAN**
*Attorneys. Advocates.*

October 28, 2024

**VIA ECF**

Hon. Carol Bagley Amon
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    RE:    *Emma Parkinson v. Nowsta, Inc., et al.,*
               Case No. 1:24-cv-04844-CBA-LKE

Dear Judge Amon:

    In response to Defendants' pre-motion conference letter, and pursuant to Rule 3(A) of Your Honor's Individual Motion Practices and Rules, please accept the following response by Plaintiff Emma Parkinson.

    Defendant's anticipated motion to dismiss is without merit, especially at this stage where Rule 12(b)(6)'s plausibility standard requires the Court to "accept as true all factual allegations and draw from them all reasonable inferences." *Hamilton v. Westchester Cty.*, 3 F.4th 86, 90-91 (2d Cir. 2021). Under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Plaintiff's Complaint sufficiently alleges ample facts that, when accepted as true, state a claim for relief that is "plausible on its face." *Dane v. UnitedHealthcare Ins. Co*., 974 F.3d 183, 188 (2d Cir. 2020).

    First, in response to Paragraphs II and VI of Defendants' letter, Plaintiff has plausibly alleged sufficient facts that, if accepted as true, would make her an "employee" under the FLSA, NYLL, EPA, Title VII, and the ADA. The facts surrounding Plaintiff's gender and disability discrimination claims, and Nowsta's knowledge thereof, must be developed in discovery before the Court can assess the cases cited by Defendants.

    Second, in response to Paragraph III of Defendant's letter, per Executive Orders 202.8 and 202.67 of the Governor of the Governor of the State of New York, the statute of limitations for Plaintiff's EPA claim was tolled from when it accrued in April of 2020 until November 3, 2020, due to the COVID-19 pandemic. Plaintiff's EPA claim was filed within three years of November

Case 1:24-cv-04844-CBA-LKE    Document 15    Filed 10/28/24    Page 2 of 2 PageID #: 156

2 | Page
Response to Defendant's Pre-Filing Conference Letter
*Parkinson v. Nowsta, Inc., et al.*, Case No. 1:24-cv-04844
October 28, 2024

2020, and whether a violation of the EPA was willful is not an issue to be decided at the Rule 12(b)(6) stage. *See Solis v. ZEP LLC*, 2020 U.S. Dist. LEXIS 50797, at *9 (S.D.N.Y. Mar. 24, 2020).

Regarding Plaintiff's failure to hire claim, Defendant's Motion to Dismiss will fail as a matter of law because "where a plaintiff can prove that completing an application process would have been futile based on an employer's discriminatory practices, a potential job applicant need not prove that he or she formally applied and was rejected." *Pelaez v. Life Alert, Inc.*, 2011 U.S. Dist. LEXIS 34964, *13-14 (E.D.N.Y. March 30, 2011). The facts alleged by Plaintiff establish that she not only expressed interest in the role Defendant's denied her, but that she performed work for Nowsta with the express expectation that the role would be hers. Under the factual circumstances of this case, an actual job application was unnecessary because Plaintiff was performing the very job she had been promised—only without pay.

In Paragraph V. of their letter, Defendants claim that non-statutory claims that are duplicative of the breach of contract claim in this case must be dismissed. However, the first case cited by Defendants was decided on a motion for summary judgment, not a motion to dismiss. *See Clougher v. Home Depot U.S.A., Inc.*, 696 F. Supp. 2d 285, 295 (E.D.N.Y. 2010). Plaintiff's promissory estoppel claim is pled in the alternative in the event this Court ultimately concludes she was an independent contractor, not an employee, which means that *Allison v. Clos-ette Too, LLC* is inapposite at this stage.

The parties to this action conferred about setting a briefing schedule, but Defendants have not responded to inquiry about proposed dates. Plaintiff would be happy to confer and submit a proposed briefing schedule. Defendant's Rule 12(b)(6) motion to dismiss will be meritless and vigorously defended. Thank you for your attention to this case.

Respectfully submitted,

/s/ Laura H. White

Laura H. White

cc:    Emma Parkinson (via email)